722 So.2d 46 (1998)
Dolly Susan BANKSTON
v.
Roger Dale BANKSTON.
No. 97 CA 2509.
Court of Appeal of Louisiana, First Circuit.
November 6, 1998.
John O. Braud, Independence, for Plaintiff/Appellant Dolly S. Bankston.
Richard A. Schwartz, Amite, for Defendant/Appellee Roger D. Bankston.
Before LeBLANC, FOGG and PARRO, JJ.
LeBLANC, Judge.
Plaintiff/appellant, Dolly Susan Bankston and Roger Dale Bankston, defendant, were married in 1977. In 1994, Ms. Bankston filed for divorce and sought custody of their minor child, child support, and alimony pendente lite. Judgment was rendered which awarded joint custody of the minor child, with Ms. Bankston designated as the domiciliary parent, and awarded child support and alimony pendente lite to be paid by Mr. Bankston. Motions by Ms. Bankston to reopen the case and for a new trial were denied. Ms. Bankston appeals.

FACTS AND PROCEDURAL HISTORY[1]
Dolly and Roger Bankston were married on July 8, 1977, and established their matrimonial domicile in Tangipahoa Parish. Mr. Bankston was injured in February of 1993. Mr. Bankston filed a Jones Act claim against his employer and others for his injuries. Ms. Bankston alleged that as a result of his injuries, Mr. Bankston suffered a personality change and abandoned the family. Ms. Bankston filed for divorce in September of 1994.[2] In her petition for divorce, Ms. Bankston sought child support and alimony pendente lite. It appears from the minute entries *47 that a prior judgment was rendered, but on April 25, 1995, a hearing was held on Ms. Bankston's motion for a new trial. The motion was granted, and the new trial was held. The record was held open, and while the matter was under advisement, plaintiff moved to reopen the case for submission of new evidence, or in the alternative, for a new trial. She alleged Mr. Bankston had settled his Jones Act claim and that the proceeds he received should be considered past wages and used in calculating child support and alimony pendente lite. Without ruling on the motions, the trial court rendered a judgment on March 12, 1996. Ms. Bankston then filed a motion for a new trial, based on the same new evidence, Mr. Bankston's settlement of his Jones Act claim. Ms. Bankston also filed a rule to increase child support and alimony, based on Mr. Bankston's change in circumstances. Ms. Bankston's motions to reopen the case and for a new trial were both denied on May 15, 1996. The record contains no subsequent action on Ms. Bankston's rule to increase child support and alimony. Ms. Bankston now appeals the March 12, 1996 judgment.
Ms. Bankston contends that the trial court erred in denying her motion to reopen the case for the taking of additional evidence and in denying her motion for a new trial. In the alternative, she argues the trial court erred in its calculation of child support.

LAW AND DISCUSSION
In her first and second assignments of error, Ms. Bankston alleges the trial court erred in denying her motion to reopen the case and in denying her motion for a new trial. The basis of her argument is that after the hearing on child support and alimony pendente lite, but before judgment was rendered, Mr. Bankston settled a Jones Act claim for a sum in excess of $500,000.00. Ms. Bankston argues a portion of this sum should have been considered past wages and that the amount received increased Mr. Bankston's income potential. She avers the settlement should have been included in the court's calculations.
Louisiana Code of Civil Procedure article 1631 provides that the court has the power to require that the proceedings shall be conducted so that justice is done. The objective of our judicial system is to render justice between litigants based on the merits of the controversy. State, Through Department of Social Services Support Enforcement Services in the Interest of Bordelon v. Guichard, 94-1795, p. 10 (La.App. 1 Cir. 5/5/95); 655 So.2d 1371, 1379, writ denied, 95-1405 (La.9/15/95); 660 So.2d 454. Litigants should be permitted all reasonable opportunity to place before the trial court all facts bearing on the issues involved. Oswalt v. State, Department of Transportation and Development, 93-850, p. 4 (La.App. 3 Cir. 3/30/94); 640 So.2d 388, 392, writ denied, 94-1106 (La.6/24/94), 641 So.2d 207 (quoting Burthe v. Lee, 152 So. 100, 102 (La.App. Orl.1934)). The trial court's decision of whether to reopen a case for additional evidence is discretionary and will not be disturbed absent clear abuse of discretion. State, Through Department of Social Services Support Enforcement Services in Interest of Bordelon v. Guichard, 94-1795 at 10; 655 So.2d at 1378-79.
Louisiana Code of Civil Procedure article 1972 provides that a new trial shall be peremptorily granted when the party has discovered, since the trial, evidence which is important to the cause and which could not, with due diligence, have been obtained before or during the trial. A new trial may be granted in any case if there exists good ground therefor. La. C.C.P. art.1973; Razorback Oil Tools International, Inc. v. Taylor Oil Tools Company, 626 So.2d 28, 31 (La.App. 1 Cir.1993). When the trial judge is convinced by his examination of the facts that the judgment would result in a miscarriage of justice, a new trial should be ordered. Lamb v. Lamb, 430 So.2d 51, 53 (La.1983). Unless an abuse of discretion can be demonstrated, a trial court's action in granting or denying a new trial on discretionary grounds will not be reversed. Deliberto v. Deliberto, 400 So.2d 1096, 1098 (La.App. 1 Cir.1981).
The record establishes that during trial, the trial court was aware of Mr. Bankston's Jones Act claim. Mr. Bankston testified *48 he had filed the suit seeking damages for his injuries. However, Mr. Bankston did not settle the case or receive payment until after the date of the hearing in the instant matter. The details of Mr. Bankston's settlement are new evidence which is important to the cause and which could not have been obtained before or during the trial. The settlement is relevant to the child support and alimony pendente lite awards and came into existence after trial. Ms. Bankston could not have discovered this evidence earlier nor could it have been properly considered by the trial court until Mr. Bankston actually received the settlement. As in Oswalt, the trial court was presented with important new evidence but refused to reopen the case or grant a new trial. Considering the potential impact the settlement may have on the awards made, we conclude the trial court abused its discretion in refusing to allow the case to be reopened for consideration of this new evidence. We further conclude that the trial court erred as a matter of law in refusing to grant a new trial. See Antley v. Brantly, 28,049, p. 6 (La.App. 2 Cir. 2/28/96); 669 So.2d 685, 689. Because these assignments of error have merit and plaintiff will be granted a new trial, we pretermit discussion and analysis of her alternative assignment of error.

CONCLUSION
For the foregoing reasons, the trial court judgment setting the amount of the award for child support and alimony pendente lite is vacated. Plaintiff is granted a new trial, to be conducted in accordance with Louisiana Code of Civil Procedure article 1978. Mr. Bankston is taxed for all costs of this appeal.
VACATED AND REMANDED.
NOTES
[1] We note at the outset the record in this matter is replete with omissions. Moreover, Mr. Bankston did not file a brief with this court. Our discussion of the facts is based, to some degree, on memoranda contained in the record, which were filed with the trial court in support of various motions.
[2] A judgment of divorce was rendered on January 2, 1996.