GARRETT, J.
The defendants, Donald Thomas and Go Auto Insurance Company ("Go Auto"), appeal from a city court judgment in favor of the plaintiffs, Bridgett Thomas and Gregory Booker, arising from an auto accident. The defendants contend that the trial court erred in reopening the case, which allowed the plaintiffs to remedy perceived deficiencies. They assert that the plaintiffs' claims should have been dismissed in their entirety. For the following reasons, we affirm the trial court judgment.
FACTS
On April 16, 2015, Donald Thomas was traveling west on Hampton Avenue in Monroe, Louisiana. He ran a stop sign and collided with a vehicle driven by Bridgett Thomas, traveling north on Gordon Avenue.[1] Gregory Booker was a passenger in Ms. Thomas's car. Ms. Thomas and Mr. Booker were injured in the accident and Ms. Thomas's vehicle was damaged. In accordance with La. R.S. 32:862 and 863.1, Mr. Thomas furnished his insurance information to the police officer who responded to the accident, showing that he was insured by Go Auto.
On September 2, 2015, Ms. Thomas and Mr. Booker filed suit against Mr. Thomas and Go Auto, claiming that Mr. Thomas was completely at fault in causing the accident. The plaintiffs sought general and special damages. Mr. Thomas was not served with the petition. On October 15, 2015, a general denial answer was filed on behalf of Go Auto only.
Trial was held on April 6, 2016. Mr. Thomas, who had not been served or subpoenaed, did not appear at the trial. The medical records for Ms. Thomas and Mr. Booker were introduced into evidence without any objection by the defense. Mr. Booker testified regarding the accident, his injuries, his medical treatment, and the limitations on his activities caused by the *738 accident. Mr. Booker was asked about statements made by Mr. Thomas at the scene of the accident. Go Auto made a hearsay objection, arguing that, because Mr. Thomas was not served, he was a not a party to the suit. The objection was overruled. According to Mr. Booker, Mr. Thomas asked if they were alright, apologized, and admitted that he did not see Ms. Thomas's vehicle.
Go Auto stipulated that, if Ms. Thomas testified, her testimony would be the same as that of Mr. Booker and that the chiropractor who treated her would testify that all her injuries were caused by the accident and the medical bills were reasonable and necessary. In spite of the stipulation, Ms. Thomas testified. She recounted how the accident occurred and outlined her injuries, medical treatment, and limitations on her activities caused by the accident.
Officer Trey Guillory of the Monroe Police Department responded to the scene and prepared the accident report. Although subpoenaed, he did not appear to testify at trial. Although counsel for Go Auto argued that the police report was hearsay, he agreed to allow it to be filed into evidence, subject to an objection to page two of the report. Information on that page named Mr. Thomas as the driver at fault, specified the year, make, and model of his vehicle, along with the VIN and license plate number. It also listed the number and expiration date of Mr. Thomas's insurance policy with Go Auto.
The plaintiffs asked to leave the record open to bring Officer Guillory into court to testify, claiming he would state that, at the scene of the accident, Mr. Thomas presented an insurance card showing that he had auto insurance coverage with Go Auto that was in effect on that date. Go Auto said it would only stipulate that the driver listed on the police report as "vehicle number one driver" presented the insurance card to the officer. The police report was filed into evidence, subject to Go Auto's objection to page two. The plaintiffs also filed into evidence Go Auto's answer to the petition stating that it provided insurance to Mr. Thomas. Paragraph eight of the answer reads as follows:
Defendant Go Auto admits that it provided a liability insurance policy in favor of Donald Thomas and shows that said policy is the best evidence of the contents, coverages, exclusions and provisions contained therein and pleads same as if copied herein in extenso . Except as thus admitted, the remaining allegations are denied for lack of sufficient information to justify a belief therein.
Go Auto did not cross-examine Mr. Booker or Ms. Thomas and did not call any witnesses to testify at trial. Pursuant to Go Auto's request, the court allowed the parties time to supply post-trial briefs. The plaintiffs addressed quantum in their post-trial brief.
In its post-trial brief, Go Auto did not address quantum and instead urged that the plaintiffs' claims should be dismissed for several reasons. First, no judgment could be entered against Donald Thomas, who was not served and was not a party to the suit. Second, Go Auto argued that the terms of the Direct Action Statute were not satisfied. Go Auto contended that no action can be brought against the insurer alone where the plaintiffs did not show that the insurer provided insurance to Donald Thomas and that he could not be located for service of process.[2] Third, Go *739 Auto claimed that the plaintiffs did not prove the existence of insurance coverage. The company argued that its answer to the plaintiffs' petition did not provide proof of coverage, but only admitted that "a liability policy of some sort was issued at some point with certain provisions, coverages, and exclusions that speak for themselves." Go Auto claimed it pled the four corners rule of a document that was not introduced into evidence. Finally, Go Auto asserted that the plaintiffs did not establish that Mr. Thomas was involved in the accident. Based upon these arguments, Go Auto maintained that the plaintiffs failed to prove their case.
The plaintiffs filed a reply brief terming Go Auto's arguments "disingenuous." The plaintiffs' attorney said he knew at trial "that opposing counsel was up to some kind of trick" and he was "very mindful and extremely concerned that opposing counsel was looking to pull a rabbit out of his hat and pull a fast move, which appears to be the case here." The plaintiffs urged that Go Auto's answer concerning insurance coverage was a judicial confession. They also pointed out that Go Auto never filed a peremptory exception under La. C.C.P. art. 641, raising the nonjoinder of a party. The plaintiffs urged the trial court to reopen the case for joinder of Mr. Thomas and for evidence regarding his participation in the accident and existence of insurance coverage. The plaintiffs' attorney noted that the case had already been left open to obtain the testimony of Officer Guillory.
On July 9, 2016, the trial court signed an order exercising its discretion to reopen the case for the receipt of further testimony. Go Auto took a writ from the order, which was denied by this court on October 13, 2016.
A curator was appointed to obtain service on Mr. Thomas and he was served in August 2016. On August 18, 2016, Go Auto's attorney filed an answer on behalf of Mr. Thomas, admitting that he was insured at the time of the accident, but denying all other allegations. The plaintiffs and Go Auto appeared in court in December 2016. Mr. Thomas had been served and Officer Guillory had been subpoenaed, but they did not appear. Over the defendants' objections, the trial court recessed the matter to permit the plaintiffs an opportunity to secure the sworn testimony of Officer Guillory and Mr. Thomas. A ruling to that effect was signed by the trial court on January 4, 2017. The defendants filed a notice of intent to seek supervisory writs, but never filed the writ application with this court.
The trial was resumed on January 24, 2017. Once again, neither Mr. Thomas nor Officer Guillory appeared. According to the plaintiffs, they intended to call Mr. Thomas and Officer Guillory, but the parties agreed to several stipulations which "short circuited" the need for a trial. They stipulated that, if called, Mr. Thomas would testify that he was involved in the accident, he had no defense to the claims *740 of negligence against him, he had a Go Auto insurance policy which provided 15/30/25 coverage for this accident, and he was served on August 1, 2016. The defendants reserved all objections otherwise available to them at trial.
The parties also stipulated that Officer Guillory would testify that the contents of his accident report were authentic and he would be permitted to read those contents verbatim without objection from the defendants. The defendants reserved and preserved the objection to page two of the police report made at the first trial, but specified that, since Mr. Thomas had now been served, they would not now make the objection. The matter was submitted to the trial court for decision based on the stipulation.
The trial court issued a judgment on April 20, 2017, finding that the defendants were liable to the plaintiffs and awarding damages to both plaintiffs. On May 2, 2017, the trial court signed a revised and supplemental judgment finding Mr. Thomas and Go Auto jointly and solidarily liable to Ms. Thomas and Mr. Booker and revising the damage awards. Ms. Thomas was awarded special damages of $6,196.14, and general damages of $15,000. Mr. Booker was awarded special damages of $7,233.64, and general damages of $15,000. All costs were assessed to Go Auto. Mr. Thomas and Go Auto appealed.
REOPENING THE CASE
On appeal, the defendants argue that the trial court was manifestly erroneous in reopening the case for the receipt of further testimony and erred in not dismissing the plaintiffs' claims. These arguments are without merit.
Discussion
The defendants argue that, in the first hearing, the plaintiffs failed to propound any discovery requests to obtain the insurance policy, took no depositions, did not serve Mr. Thomas with the lawsuit, and did not subpoena him to testify at trial. Other than Go Auto's answer, the record was not admitted into evidence. Based on these deficiencies, the defendants maintain that the plaintiffs failed to prove the existence of insurance coverage and the liability of Mr. Thomas. They claim that the plaintiffs' case should have been dismissed for failure to carry their burden of proof and that the trial court abused its discretion in reopening the case and allowing the plaintiffs a "second bite at the apple." Because the case should not have been reopened, according to the defendants, the evidence presented at the second hearing should not have been considered.
The defendants argue that, once a trial is concluded, the trial court may not reopen a case to receive further evidence.[3]
*741 However, they also acknowledge that the reopening of a case for the receipt of additional testimony is reviewable for abuse of the trial court's discretion.
La. C.C.P. art. 1631(A) provides that the court has the power to require that the proceedings shall be conducted with dignity and in an orderly and expeditious manner, and to control the proceedings at the trial, so that justice is done. La. C.C.P. art. 1632 sets forth the order of trial:
The normal order of trial shall be as follows:
(1) The opening statements by the plaintiff and the defendant, in that order;
(2) The presentation of the evidence of the plaintiff and of the defendant, in that order;
(3) The presentation of the evidence of the plaintiff in rebuttal; and
(4) The argument of the plaintiff, of the defendant, and of the plaintiff in rebuttal, in that order.
This order may be varied by the court when circumstances so justify.
When an action involves parties in addition to the plaintiff and the defendant, the court shall determine the order of trial as to them and the plaintiff and the defendant.
These articles have been construed to provide that a trial judge has a right, if the ends of justice so require, to reopen a case to permit the further production of evidence by either party. The decision to hold open or reopen a case for the production of additional evidence is within the sound discretion of the trial court and will not be disturbed on appeal unless manifestly erroneous. In order to prevent a miscarriage of justice, a trial court should not hesitate to reopen a case for the taking of additional evidence when properly requested, and an appellate court should not hesitate to set aside the ruling of a trial court on such matters in a case of manifest abuse of discretion. See Antley v. Brantly , 28,049 (La. App. 2 Cir. 2/28/96), 669 So.2d 685 ; Harris v. West Carroll Par. Sch. Bd. , 605 So.2d 610 (La. App. 2 Cir. 1992), writ denied , 609 So.2d 255 (La. 1992) ; American Bank & Tr. Co. of Coushatta v. McDowell , 545 So.2d 1211 (La. App. 2 Cir. 1989) ; Yeutter v. Lewis , 334 So.2d 728 (La. App. 3 Cir. 1976).
Under the facts presented here, we do not find that the trial court abused its discretion in reopening the case. Clearly the plaintiffs proceeded in an inartful manner, failing to serve Mr. Thomas, schedule depositions, or conduct discovery to obtain the insurance policy in question and other pertinent information regarding their claims. However, the record shows that the defendants were equally inartful in failing to utilize procedures available to them under the law to raise the perceived deficiencies in the plaintiffs' case.
The defendants complain that Mr. Thomas was not served with the lawsuit and was not a party to the proceedings at the initial hearing. They claim that, under the Direct Action Statute, the plaintiffs were not entitled to proceed or obtain a judgment against Go Auto alone.
In connection with the failure to serve Mr. Thomas and the alleged inability to proceed properly under the Direct Action Statute, the appropriate procedure for questioning the plaintiffs' right to proceed only against the insurance company would have been to file an exception of no right of action. See La. C.C.P. art. 927 ;
*742 Hubbard v. Carroll , 49,879 (La. App. 2 Cir. 8/19/15), 174 So.3d 773 ; Perkins v. Carter , 09-673 (La. App. 5 Cir. 12/29/09), 30 So.3d 862. This exception was not filed by the defendants.
Further, at the close of the initial hearing, the defendants could have filed a motion for involuntary dismissal under La. C.C.P. art. 1672, which provides in pertinent part:
B. In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.
C. A judgment dismissing an action without prejudice shall be rendered as to a person named as a defendant for whom service has not been requested within the time prescribed by Article 1201(C) or 3955 upon the sustaining of a declinatory exception filed by such defendant, or upon contradictory motion of any other party, unless good cause is shown why service could not be requested, in which case the court may order that service be effected within a specified time.
A motion for involuntary dismissal requires the trial court to evaluate the evidence and render a decision based on a preponderance of the evidence, without any special inference in favor of the party opposing the motion. Wolfe v. Town of Homer , 44,086 (La. App. 2 Cir. 4/15/09), 11 So.3d 39, writ denied , 2009-1115 (La. 9/4/09), 17 So.3d 966. The defendants did not choose to utilize this procedure.
Under the factual and procedural posture of this matter, we do not find that the trial court abused its discretion in reopening the case. The record had already been held open to obtain the testimony of Officer Guillory. The defendants failed to use the proper procedural vehicles available to them to object to the perceived deficiencies in the plaintiffs' case. Because the trial court properly reopened the case, the stipulations and evidence admitted in the subsequent hearing were properly before the court and were sufficient to prove the plaintiffs' claims.
It is clear from the record that Mr. Thomas was totally at fault in causing the accident and was liable for the injuries to Ms. Thomas and Mr. Booker, as well as the damage to Ms. Thomas's vehicle. The record also shows that Mr. Thomas was insured by Go Auto. There is no dispute as to the amount of damages sustained by Ms. Thomas and Mr. Booker.
Lawsuits are not games in which courts are the mere referees or umpires, and in which technicalities must be allowed to triumph over actual justice. It is our duty to permit litigants all reasonable opportunity to place before us all facts bearing on the issues involved. See Burthe v. Lee , 152 So. 100 (La. App. Orl. 1934) ; Antley v. Brantly , supra ; Simpson v. Baker , 29,090 (La. App. 2 Cir. 1/22/97), 687 So.2d 1079, writ denied , 97-0484 (La. 4/4/97), 692 So.2d 420 ; Oswalt v. State, Dep't of Transp. & Dev. , 640 So.2d 388 (La. App. 3 Cir. 3/30/94), writ denied , 641 So.2d 207 (La. 6/24/94) ; State Through Dep't of Soc. Servs. Support Enf't Servs. in Int. of Bordelon v. Guichard , 94-1795 (La. App. 1 Cir. 5/5/95), 655 So.2d 1371, writ denied , 95-1405 (La. 9/15/95), 660 So.2d 454. The objective of our judicial system is to render justice between litigants based on the merits of the controversy.
*743 Bankston v. Bankston , 97-2509 (La. App. 1 Cir. 11/6/98), 722 So.2d 46. To allow the defendants in this case to defeat recovery to the injured plaintiffs, who were entitled to relief, would constitute a denial of justice. Accordingly, we find that the trial court did not abuse its discretion in reopening the case. The trial court's decision rendered justice between the litigants based upon the merits of the controversy.
CONCLUSION
For the reasons stated above, the decision of the trial court in this matter is affirmed in all respects. Costs in this court are assessed against Go Auto Insurance Company.
AFFIRMED.
APPLICATION FOR REHEARING
Before BROWN, GARRETT, STONE, COX and MCCALLUM.
Rehearing denied.

There is no indication that Ms. Thomas and Mr. Thomas are related.

The defendants incorrectly cite the Direct Action Statute as La. R.S. 22:655. Effective January 1, 2009, the statute was renumbered as La. R.S. 22:1269, which provides in pertinent part:
B. (1) The injured person or his survivors or heirs mentioned in Subsection A of this Section, at their option, shall have a right of direct action against the insurer within the terms and limits of the policy; and, such action may be brought against the insurer alone, or against both the insured and insurer jointly and in solido, in the parish in which the accident or injury occurred or in the parish in which an action could be brought against either the insured or the insurer under the general rules of venue prescribed by Code of Civil Procedure Art. 42 only; however, such action may be brought against the insurer alone only when at least one of the following applies:
....
(c) Service of citation or other process cannot be made on the insured.

In support of this argument, the defendants cite Art. 484 of the 1870 Code of Practice, which provided:
After all incidental questions have been decided, and both parties have produced their respective evidence, the argument commences; no witness can be heard, nor proof introduced except with the consent of all the parties.
In Nalty v. Nalty , 222 La. 911, 64 So.2d 216 (1953), the Louisiana Supreme Court considered an argument that a case should not have been reopened based upon Art. 484, and stated, "The decisions of our courts have been written into this article, and now the reopening of a case is left to the discretion of the trial judge." The entire Code of Practice was repealed by La. Acts of 1960, No. 15, effective January 1, 1961, when the Louisiana Code of Civil Procedure was enacted. Art. 484 was replaced by La. C.C.P. art. 1632, which sets forth the order of trial. Comments to the new article quoted Code of Practice art. 484 and then stated, "It has been held that it is within the sound discretion of the court to allow testimony after both parties have closed their cases."
In addition, the defendants cite criminal cases based on provisions in the Louisiana Code of Criminal Procedure which are not applicable to this civil case.