PER CURIAM.
 

 | jAt issue in this case is whether the court of appeal erred in reversing the district court’s judgment in part and assessing fault to defendants. For the reasons that follow, we find the court of appeal erred in disturbing the district court’s judgment, and therefore reinstate the district court’s judgment in its entirety.
 

 UNDERLYING FACTS AND PROCEDURAL HISTORY
 

 This litigation arises from a slip and fall incident which occurred at the home of Dories Snook. On the day of the incident, Ms. Snook was doing some work inside the home, while her live-in boyfriend, Don Ei-senhardt, was working outside. After Mr. Eisenhardt finished his work, he went inside the house and took a bath. While Mr. Eisenhardt was taking his bath, Ms. Snook attempted to carry a full trash bag out of the house. As she did so, the bag broke open and its contents, including eggs and other trash, spilled onto the front steps of the home. Ms. Snook picked up what she could, and then sprayed the steps with a garden hose to remove any remaining residue.
 

 |2In the meantime, Mr. Eisenhardt finished his bath, dressed and prepared to go to the store. He exited the front door of the home with a soda in one hand and his wallet in the other hand. As he attempted to proceed down the front steps, he slipped and fell, sustaining injury to his finger and lower back.
 

 Subsequently, Mr. Eisenhardt filed the instant personal injury suit against Ms. Snook and her homeowners’ insurer. State Farm Fire and Casualty Company (“State Farm”). In his petition, Mr. Ei-senhardt alleged that Ms. Snook failed to warn him of the dangers caused by the wet steps, and that the steps were unreasonably dangerous because they were wet.
 

 The matter proceeded to a bench trial. The parties stipulated to the admission of certain evidence, including Mr. Eisen-hardt’s medical records and the insurance coverage under State Farm’s policy.
 

 At trial, both Ms. Snook and Mr. Eisen-hardt testified. Ms. Snook testified no other accidents had occurred on the steps during her thirty years of living in the
 
 *543
 
 home. Ms. Snook stated that on the day of the accident, she attempted to take the trash out, but the bag broke on the step, leaving a slick film of eggs and squash. Ms. Snook detailed her cleaning of the steps by sweeping them and then spraying them off with water. She believed the steps were clean, but noticed some residue remaining after Mr. Eisenhardt fell. On further examination, Ms. Snook admitted that she had not mentioned the remaining residue when she gave a statement to State Farm shortly after Mr. Eisenhardt’s accident. Ms. Snook also admitted that she and Mr. Eisenhardt were romantically involved at one time. She denied that Mr. Eisenhardt had a drinking problem, and further denied any recollection of a domestic dispute after the accident in which she reported that Mr. Eisenhardt had been drinking. Ms. Snook | ¡¡confirmed that she claimed Mr. Eisenhardt as a dependent for tax purposes, because he did not earn enough to file a tax return.
 

 Mr. Eisenhardt testified that he had a pre-existing back injury, and that at the time of this accident, he earned approximately $400 per week doing automobile mechanic work. He stated that at the time of the accident, he exited the home with a soda in one hand and his wallet in the other hand, and that he slipped on the slick steps after crossing the entire porch and attempting to step down. After the accident, he first noticed that the steps were wet, and he also felt the residue. Mr. Eisenhardt explained that he hurt his right hand and lower back, and attempted to go to the emergency room on the date of the accident. He found the hospital emergency room was too crowded at that time, and he returned the next day. Mr. Eisenhardt was treated for several months for low back pain and a fracture to his right hand. He complained of continued weakness and pain in his hand, and pain in his lower back. On cross-examination, Mr. Eisenhardt admitted to not reporting in his deposition the initial emergency room treatment on the day after the accident. He further admitted to having a criminal history, including recently pleading guilty to driving with switched plates and driving without a license. He acknowledged he had not filed a tax return or reported any income for at least fifteen years.
 

 At the conclusion of trial, the district court entered a judgment for defendants, dismissing Mr. Eisenhardt’s claim for damages. In oral reasons for judgment, the district court stated:
 

 Aside from the credibility issues that I don’t think it’s necessary to get into, I do think that he was probably injured, probably fell, but we just don’t live in a perfect world. And just because somebody gets hurt that doesn’t mean that somebody gets paid a big chunk of money. That’s just the way it is. Now when you go into a grocery store the standards are a little bit higher, and the reason for that is because the grocery stores have on, and stores in ^general, have on display items that they want you to purchase. So they draw your attention intentionally to those items on the shelf and the customers are in there and they’re not necessarily looking down at their feet. But all of us have to look where we’re going. I mean you learn that when you’re two years old and walking that you have got to watch where you’re going. And he was not looking where he was going. She had washed down the steps. He should have seen the water and known that there was a hazard. I almost slipped down the other day when it was raining at my house[,] that I’ve lived all my life practically in[,] on some steps that were wet. Whose fault was it? It was my fault. I wasn’t careful enough. I knew it was wet, could look and see that it was wet,
 
 *544
 
 and I wasn’t careful enough. If I would have fallen it would have been my fault. You have to watch where you’re going. And based on that I just do not think that liability — that there’s liability present here because I think it’s all Mr. Eisenhardt’s fault.
 

 Mr. Eisenhardt appealed. The court of appeal affirmed in part, reversed in part, and amended in a split decision.
 
 Eisenhardt v. Snook,
 
 43,128 (La.App. 2 Cir. 5/14/08), 986 So.2d 700.
 

 In its opinion, the court of appeal found that the district court made a factual determination that a hazard was created after Ms. Snook spilled the garbage and washed the steps down. In reaching this conclusion, the court of appeal emphasized the portion of the district court’s reasons in which it explained that Mr. Eisenhardt was “probably injured, probably fell” and that “he should have seen the water and known that there was a hazard.” After reviewing the record, the court of appeal found “no manifest error in the determination that the slippery steps created a hazard.” Accordingly, the court of appeal affirmed the district court’s judgment “insofar as it determined that an unreasonable risk of harm existed.”
 

 Nonetheless, the court of appeal found the district court, having determined a hazard existed, erred in assessing 100% of the fault for the accident to Mr. Eisen-hardt. The court stated, in pertinent part:
 

 | sIn the instant case, the trial court held that Eisenhardt was 100% responsible for his fall. Based on the facts in the record, we disagree. Since the trial court determined that a hazard existed, it was manifestly erroneous to find no fault on the part of the owner of the house, Snook, for creating the hazard and not warning Eisenhardt about it. While the record bears out that Eisen-hardt was preoccupied and not as prudent as he should have been when he was leaving the house, his accident was, in part, due to the slippery surface of the steps.
 

 Having found an error on the part of the district court, the court of appeal proceeded to reallocate fault. It allocated 70% of the fault to Mr. Eisenhardt and the remaining 30% to Ms. Snook. Additionally, the court of appeal awarded Mr. Eisen-hardt $15,000 in general damages and $5,677.02 in special damages. Two judges dissented from the majority’s opinion.
 

 Upon defendants’ application, we granted certiorari to consider the correctness of the court of appeal’s judgment.
 
 Eisen-hardt v. Snook,
 
 08-1287 (La.10/24/08), 8 So.3d 565, 2008 WL 6153733.
 

 DISCUSSION
 

 It is well-settled law that a landowner owes a duty to a plaintiff to discover any unreasonably dangerous conditions, and to either correct the condition or warn of its existence.
 
 Socorro v. City of New Orleans,
 
 579 So.2d 931 (La.1991);
 
 Shelton v. Aetna Casualty & Surety Co.,
 
 334 So.2d 406, 410 (La.1976).
 

 Nonetheless, we have recognized that defendants generally have no duty to protect against an open and obvious hazard. If the facts of a particular case show that the complained-of condition should be obvious to all, the condition may not be unreasonably dangerous, and the defendant may owe no duty to the plaintiff. The degree to which a danger may be observed by a potential victim is one factor in the determination of whether the condition is unreasonably dangerous. A landowner is Lnot liable for an injury which results from a condition which should have been observed by the individual in the exercise of reasonable care, or which was as obvious to a visitor as it was to the
 
 *545
 
 landowner.
 
 Dauzat v. Curnest Guillot Logging, Inc.,
 
 08-0528 (La.12/2/08), 995 So.2d 1184;
 
 Hutchinson v. Knights of Columbus,
 
 03-1533 at p. 9 (La.2/20/04), 866 So.2d 228, 234;
 
 Pitre v. Louisiana Tech University,
 
 95-1466, 95-1487 at p. 11 (La.5/10/96), 673 So.2d 585, 591. It is the court’s obligation to decide which risks are unreasonable based upon the facts and circumstances of each case.
 
 Harris v. Pizza Hut of Louisiana, Inc.,
 
 455 So.2d 1364, 1371 (La.1984).
 

 In the case at bar, the court of appeal premised its opinion on a finding that the district court made a factual determination that an unreasonably dangerous condition was created when Ms. Snook washed the steps after spilling trash on them. However, a complete reading of the district court’s reasons for judgment reveals that it made no such finding. Although the district court referred to a “hazard,” it did so in the context of explaining that Mr. Eisenhardt “should have seen the water and known that there was a hazard.” The court further stated, “I think it’s all Mr. Eisenhardt’s fault.” From these statements, it was obvious that the district court made a finding that Ms. Snook was not liable for Mr. Eisenhardt’s injuries because the condition of the steps should have been observed by Mr. Eisenhardt in the exercise of reasonable care.
 

 An appellate court may not set aside a district court’s finding of fact in the absence of manifest error or unless it is clearly wrong.
 
 Hornsby v. Bayou Jack Logging,
 
 04-1297 (La.5/6/05), 902 So.2d 361;
 
 Stobart v. State, Through DOTD,
 
 617 So.2d 880, 882 (La.1993). On review, an appellate court must be cautious not to reweigh the evidence or to substitute its own factual findings just because it would 17have decided the case differently.
 
 Ambrose v. New Orleans Police Dept. Ambulance Service,
 
 93-3099 (La.7/5/94), 639 So.2d 216, 221.
 

 Although the court of appeal purported to affirm the district court’s factual findings, it is readily apparent that the court of appeal actually rejected these findings. Based on our review of the record, we find no manifest error in the district court’s factual determination that the condition of the steps should have been open and obvious to Mr. Eisenhardt. While the steps may have been slippery due to water, not every minor imperfection or defect in a thing will give rise to delictual responsibility.
 
 Gray v. Economy Fire & Casualty Co.,
 
 96-667 (La.App. 3rd Cir.11/6/96), 682 So.2d 966;
 
 Montgomery v. City of New Orleans,
 
 537 So.2d 1230 (La.App. 4th Cir.1989). The record further supports the district court’s finding that Mr. Eisenhardt, who walked out of the house carrying items in both of his hands, was not acting with sufficient care at the time of the accident.
 
 See Carr v. City of Covington,
 
 477 So.2d 1202, 1204 (La.App. 1st Cir.1985),
 
 writ denied,
 
 481 So.2d 631 (La.1986) (holding a person “has a duty to see that which should be seen” and “is bound to observe his course to see if his pathway is clear”).
 

 In summary, we find the record supports the district court’s determination that Mr. Eisenhardt should bear all of the fault for this accident. The court of appeal erred in holding otherwise. Accordingly, we will reverse the judgment of the court of appeal insofar as it reverses and amends the district court’s judgment, and reinstate and affirm the district court’s judgment in its entirety.
 

 DECREE
 

 For the reasons assigned, the judgment of the court of appeal, insofar as it reverses and amends the district court’s judgment, is reversed. The judgment of
 
 *546
 
 the ^district court dismissing the demand of plaintiff, Don L. Eisenhardt, with prejudice is reinstated and affirmed in its entirety. Plaintiff to bear all costs in this court.
 

 JOHNSON, J., dissents.