WILLIAMS, J.
pThe plaintiff, Perry Wolfe, appeals a judgment in favor of the defendant, Town of Homer. The trial court granted the defendant’s motion for involuntary dismissal, finding that the Town of Homer was not vicariously liable for the acts of the co-defendant, Thomas Ridley, Jr. For the following reasons, we affirm.
FACTS
On June 6, 2005, Perry Wolfe entered a scrap yard located on land owned by the Town of Homer (“the Town”) to obtain sawdust. As Wolfe was shoveling sawdust into a trash can, Ridley approached and said that Wolfe could not take the sawdust without permission and that he needed to leave the premises. Wolfe suggested that Ridley should call the police and continued shoveling. At that point, there was a physical altercation in which Ridley grabbed Wolfe, who shoved Ridley backward with the shovel handle. Ridley then hit Wolfe in the head with a pipe, knocking him to the ground. Wolfe was taken to the hospital for treatment of a large cut on his forehead.
Subsequently, the plaintiff, Wolfe, filed a petition for damages against the defendants, Town of Homer and Ridley, alleging that the Town was liable for the injuries caused by its employee, Ridley. At trial, after plaintiff rested, the Town moved for involuntary dismissal on the grounds that plaintiff had failed to present evidence concerning the course and scope of Ridley’s job with the Town. The trial court granted the Town’s motion, finding that plaintiff failed to present evidence showing that Ridley was an employee of the Town. The court rendered judgment dismissing plaintiffs |2claims against the Town and preserving his claims against Ridley. The plaintiffs motion for new trial was denied. Plaintiff appeals the judgment.
DISCUSSION
The plaintiff contends the trial court erréd in granting the motion for involuntary dismissal. Plaintiff argues that the testimony and exhibits presented at trial constitute sufficient circumstantial evidence that Ridley was acting within the course and scope of his employment with the Town when he injured plaintiff.
In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party may move for a dismissal of the action as to him on the grounds that upon the facts and law, the plaintiff has not shown a right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render a judgment until the close of all the evidence. LSA-C.C.P. art. 1672(B). A motion for involuntary dismissal requires the trial court to evaluate the evidence and render a decision based on a preponder- *42 anee of the evidence, without any special inference in favor of the party opposing the motion. Davies v. Johnson Controls, Inc., 36,498 (La.App.2d Cir.10/23/02), 830 So.2d 462; Gordon v. Century 21, 04-654 (La.App. 3rd Cir.11/17/04), 888 So.2d 385.
In this case, the Homer Police Department incident report was admitted into evidence. The investigating officer reported that he spoke with Ridley, who stated that he was operating the Town’s backhoe when he saw plaintiff inside the scrap yard. Ridley said that he informed plaintiff |sthat he was not allowed on the property without the mayor’s permission and asked plaintiff to leave several times. The plaintiff provided police with a written statement which was admitted into evidence. Plaintiff stated that on Monday, June 6, 2005, at approximately 1:00 p.m., he was on the Town’s property to get sawdust when he was approached by Rid-ley, who told plaintiff that he needed to leave if he did not have permission to take the sawdust.
The trial testimony and exhibits admitted into evidence demonstrate that Ridley was present on town property and that he exercised control over town equipment by operating the backhoe. In addition, the Town’s amended answer acknowledged that Ridley was an employee of the Town. Thus, the record contained evidence showing that more probably than not Ridley was an employee of the Town and was working at the scrap yard at the time of his altercation with plaintiff. Consequently, the trial court erred in finding that there was no evidence of Ridley’s employment status with the Town. However, in order to recover damages from the Town, plaintiff was required to present evidence that Ridley was acting within the course and scope of his employment when he committed the intentional tort.
An employer is answerable for the damage caused by its employee in the exercise of the functions in which the worker is employed. LSA-C.C. art. 2320. An employer’s vicarious liability for conduct not his own extends only to the employee’s tortious conduct which occurs within the course and scope of that employment. Orgeron v. McDonald, 93-1353 (La.7/5/94), 639 So.2d 224; Alford v. State Farm Automobile Ins. Co., 31,763 (La. App.65 42d Cir.5/5/99), 734 So.2d 1253, units denied, 99-1435, 99-1595 (La.9/3/99), 747 So.2d 544, 548. In order for the plaintiff to recover under Article 2320, he was required to prove that defendant was an employee of the employer, in the course and scope of his employment for that entity, when the tort occurred. Reed v. House of Decor, Inc., 468 So.2d 1159 (La.1985).
The employer will not be vicariously liable merely because the employee commits an intentional tort while on the business premises during work hours. Vicarious liability will attach in such a case only if the employee is acting within the ambit of his assigned duties and in furtherance of his employer’s objectives. Wearrien v. Viverette, 35,446 (La.App.2d Cir.12/5/01), 803 So.2d 297. The employee’s tortious conduct must be so closely connected in time, place and causation to his employment duties as to be regarded a risk of harm fairly attributable to the employer’s business, as compared with conduct motivated by purely personal considerations extraneous to the employer’s interests. Orgeron, supra; Wearrien, supra; Eichelberger v. Sidney, 34,040 (La. App.2d Cir.11/3/00), 771 So.2d 863.
Thus, in order to withstand a motion for involuntary dismissal on the issue of whether the employee’s conduct is employment related, the plaintiff bears the burden of presenting evidence to prove the following elements of the prima facie case: *43 (1) the tortious act was primarily employment rooted; (2) the act was reasonably incidental to the performance of the employee’s duties; and (3) the act occurred on the employer’s premises (4) during the hours of employment. LeBrane v. Lewis, 292 So.2d 216 (La.1974); 5Wearrien, supra. The particular facts of each case must be examined to determine whether an employee’s act is within the scope of his employment. Eichelberger, supra.
In the present case, although the plaintiff presented evidence indicating that Ridley committed the intentional tort while on the premises of the Town’s scrap yard during business hours, the Town would not be vicariously liable absent evidence that Ridley’s tortious act was primarily employment rooted or reasonably incidental to the performance of his job duties. Thus, to recover against the employer, plaintiff bore the burden of proving that Ridley’s tortious conduct was so closely connected to his employment duties that the risk of harm was fairly attributable to the Town.
However, because neither the plaintiffs testimony nor the exhibits that plaintiff entered into evidence addressed Ridley’s particular job duties, the record does not support a finding that Ridley’s tort was employment rooted. The plaintiff did not call Ridley as a witness to question him about the nature of his employment duties or about his intentions with respect to the incident. The police report noted Ridley’s statement that he struck plaintiff only after being insulted with racial slurs and being hit with a shovel. Based on this record, the plaintiff failed to satisfy his burden of proving that Ridley was acting in furtherance of the Town’s objective.
To the contrary, the paltry evidence that was presented demonstrated instead that Ridley’s tortious conduct was based upon his own personal considerations or emotions, rather than a desire to further his employer’s interests. Thus, at the time plaintiff rested, he had failed to prove a prima | (¡facie case that Ridley was acting in the course and scope of employment when he hit plaintiff.
In his appellate brief, the plaintiff contends the trial court should have considered the pretrial conference order and the Town’s pretrial memorandum in ruling on the motion for involuntary dismissal. We note that plaintiffs position is not supported by the pretrial conference order, in which the Town denies that Ridley was acting in the course and scope of his employment at the time of the incident. Regarding the pretrial memo, this court has previously stated that memoranda and exhibits not filed into evidence are not part of the record on appeal. Titlesite, L.C. v. Webb, 36,437 (La.App.2d Cir.12/11/02), 833 So.2d 1061.
Here, the plaintiff did not file the case record into evidence and this court cannot consider the pretrial memorandum. Even if we were to consider that document, the contents would not satisfy plaintiffs evi-dentiary burden. The memorandum described Ridley as a general laborer whose duties included cleaning roads, cutting grass on town property and maintaining town equipment. Without further eviden-tiary explanation, which plaintiff failed to provide, such a description would indicate that Ridley’s job duties did not include confronting trespassers, such as plaintiff, who entered onto the Town’s property. Thus, contrary to plaintiffs assertion, the pretrial memorandum provides additional evidence tending to show that Ridley was not acting within the ambit of his assigned job duties when he hit plaintiff with a metal pipe.
In this case, the plaintiff was given the opportunity at trial to present 17any and all evidence to meet his burden of proving *44 that Ridley was acting within the course and scope of his employment when he committed the intentional tort. Based upon this record, the plaintiff failed to present any evidence to demonstrate how the nature of Ridley’s employment with the Town reasonably involved the risk that Ridley would physically confront and injure the plaintiff. By failing to produce such evidence at trial, the plaintiff was unable to satisfy his burden of proof. Consequently, the trial court did not err in granting the motion for involuntary dismissal. The assignment of error lacks merit.
CONCLUSION
For the foregoing reasons, the trial court’s judgment is affirmed. Costs of this appeal are assessed to the appellant, Perry Wolfe.
AFFIRMED.
CARAWAY, J., dissents with written reasons.