DENNIS R. BAGNERIS, SR., Judge.
|ffn this personal injury case, plaintiff, Scott Gailey (“Mr. Gailey”), appeals a trial court judgment, which granted. summary judgment in favor of defendants, Dr. John L. Barnett (“Dr. Barnett”) and State Farm Fire and Casualty Company, and dismissed his claims with prejudice. For the following reasons, we reverse.

Facts

Dr. Barnett owned the property/building located at 8726[1] Chef Menteur Highway in New Orleans, Louisiana. Dr. Jacqueline Cleggett Lucas (“Dr. Lucas”), a pain management doctor, leased office space within the building. Dr. Lucas routinely saw patients during the nighttime hours, and for that reason, she hired Tyrone Martin, an off duty New Orleans police officer, to be present on the premises during her late-night appointments.
On the evening of March 28, 2000, sometime between 9:30 and 10:30 p.m., Mr. Gailey arrived for his appointment with Dr. Lucas.. During this time, Mr. Gailey testified that he had a conversation with Mr. Martin as to whether the air conditioner in the building was working properly. At that time, Mr. Gailey ^testified that he offered to check the air conditioning unit, which was located on the roof of the three-story building. Mr. Gailey testified that Mr. Martin escorted him upstairs to a door that led to a hatch with a ladder, which led to the rooftop and that he went onto the roof to check the air conditioner. Mr. Gailey testified that he walked across the roof to the air-conditioning unit and that it appeared to be frozen over. On his way back across the roof, Mr. Gailey fell through the roof and sustained personal injuries as a result. Although Mr. Gailey testified that he did not know what caused his fall, his memorandum in opposition to summary judgment states that he stepped “through a piece of corrugated plastic that blended in with the rest of the roof, and he fell 20-30 feet to the floor below ...”
Mr. Gailey filed suit against Dr. Lucas and Dr. Barnett and their insurers on March 19, 200, alleging several theories of negligence.[2] On May 16, 2011, Dr. Barnett and State Farm filed a motion for summary judgment, wherein they alleged that Mr. Gailey cannot carry his burden of proof to establish that there was an unreasonably dangerous condition on the prem *627 ises or that defendants had actual or constructive knowledge of any purportedly unreasonably dangerous condition as required under La. C.C. art. 2317.1.[3] In support of their motion, Dr. Barnett and State Farm attached excerpts from the depositions of Mr. Gailey and Dr. Barnett.
Mr. Gailey filed an opposition to the motion for summary judgment on July 13, 2011, wherein he alleged that there are material issues of fact remaining as to whether Dr. Barnett had a duty to warn Dr. Lucas and/or anyone else who might have an occasion to walk on the roof, that there were plastic skylights on the roof that blended with the corrugated tin and that the skylights would be difficult to see at night. In support of his opposition to the motion for summary judgment, Mr. IsGailey attached his own deposition as well as the depositions of Dr. Lucas, Dr. Barnett, and Mr. Martin’s statement.
On July 20, 2011, Dr. Barnett filed a reply to Mr. Galley’s opposition arguing that the presence of a skylight on a roof is not a defect nor is it an unreasonably dangerous condition and that a building owner is not responsible for an injury that results from a condition which should have been observed by the individual through the exercise of ordinary care. On November 17, 2011, Mr. Gailey responded to Dr. Barnett’s supplemental memorandum in support of motion for summary judgment arguing that the “skylights” were actually just holes cut into the roof covered by corrugated plastic and that they posed an unreasonable danger to anyone who found themselves on the roof at night. In his response, Mr. Gailey attached as an exhibit photographs of the roof.
After a hearing on November 17, 2011, the trial court granted the motion for summary judgment, dismissing Mr. Gailey’s petition with prejudice. On January 4, 2012, Mr. Gailey filed a motion for rehearing/new trial, which the trial court denied on May 2, 2012. At that time, the trial court provided written reasons for its judgment denying the motion for rehearing/new trial as well as reasons for granting Dr. Barnett’s motion for summary judgment. Mr. Gailey now appeals this final judgment.

Standard of Review

Appellate courts review summary judgment de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. In re Bester, 00-2208, p. 3 (La.App. 4 Cir. 9/18/02), 828 So.2d 644, 646. The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of actions. The procedure is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966(A)(2). A summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, |4and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). The burden of proof remains with the movant. An adverse party to a supported motion for summary judgment may not rest on the mere allegations or denial of his pleading, but his response, by affidavits or as otherwise provided by law, must set forth specific facts showing that there is a genuine issue of material fact for trial. La. C.C.P. art. 967; Longo v. Bell South Telecommunications, *628 Inc., 03-1887, pp. 4-5 (La.App. 4 Cir. 10/7/04), 885 So.2d 1270, 1273-1274. In ruling on a motion for summary judgment, the judge’s role is not to evaluate the weight of the evidence or to determine the truth of the matter, but is to determine whether there is a genuine issue of triable fact. All doubts should be resolved in the non-moving party’s favor. A fact is material if it potentially insures or precludes recovery, affects a litigant’s ultimate success, or determines the outcome of a legal dispute. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512, p. 27 (La.7/5/94), 639 So.2d 730, 751. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for a trial on that issue and summary judgment is appropriate. Id.

Discussion

La. C.C. arts. 2315 and 2316 are the codal foundation for delictual liability for negligence in Louisiana. La. C.C. arts. 2317 and 2317.1 define the basis for delic-tual liability for defective things. La. C.C. art. 2322 defines the basis for delictual liability for buildings. In 1996, the Louisiana legislature adopted La. C.C. art. 2317.1 and significantly amended La. C.C. art. 2322. La. C.C. art. 2317.1 currently provides, in pertinent part:
The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of treasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.
La. C.C. art. 2322 currently provides in pertinent part:
The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice or defect in its original construction. However, he is answerable for damages only upon a showing that he knew or, in the exercise of reasonable care, should have known of the vice or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.
Accordingly, a plaintiff alleging negligence or strict liability of a building owner or custodian must now prove the following elements: (1) that the defendant knew or should have known of the vice or defect; (2) that the damage could have been prevented by the exercise of reasonable care; and (3) that the defendant failed to exercise such reasonable care. Keller v. Monteleon Hotel, 09-1327, p. 4 (La.App. 4 Cir. 6/23/10), 43 So.3d 1041, 1043. There is no fixed rule for determining whether the thing presents an unreasonable risk of harm. To assist the trier-of-fact, many factors are to be considered and weighed, including: (1) the claims and interests of the parties; (2) the probability of the risk occurring; (3) the gravity of the consequences; (4) the burden of adequate precautions; (5) individual and societal rights and obligations; and (6) the social utility involved. Dupree v. City of New Orleans, 99-3651, p. 14 (La.8/31/00), 765 So.2d 1002, 1012. It is well-settled law that a landowner owes a duty to a plaintiff to discover any unreasonably dangerous conditions and to either correct the condition or warn the plaintiff of its existence. Eisenhardt v. Snook, 08-1287, pp. 5-6 (La.3/17/09), 8 So.3d 541, 544-45. Generally a defendant has no duty to protect against an open and obvious hazard. Id. If the facts of a particular case show that the complained of condition | (¡should be obvious to all, the condition is not unreasonably dangerous, *629 and the defendant owes no duty to the plaintiff. Id. It is the court’s obligation to decide which risks are unreasonable based upon the facts and circumstances of each case. See Burns v. CLK Investments V, L.L.C., 10-277, p. 15 (La.App. 4 Cir. 9/1/10), 45 So.3d 1152, 1161-1162.
Dr. Barnett’s testimony in his deposition is that the skylight was essentially just a piece of corrugated plastic that allows the sunlight to go through. Dr. Barnett also testified that the skylights were indistinguishable from the rest of the roof and that he did not mention their existence to Dr. Lucas or anyone else maintaining the building. These facts alone demonstrate a genuine issue of material fact with regard to whether Dr. Barnett knew or should have known of the dangerous condition of the skylights and whether the accident could have been avoided by his disclosing the defect. The issue for the trier of fact is not only the reasonableness of the actions and inactions of Dr. Barnett, but also the comparative fault, if any, of Mr. Gailey walking on a roof at night without any light source. For these reasons, we find that issues of material fact existed sufficient to overcome summary judgment under these particular facts and circumstances, and that the trial court erred in granting same.
Accordingly, we hereby reverse the judgment of the trial court, which granted Dr. Barnett’s motion for summary judgment and dismissed plaintiffs claims against them.
REVERSED AND REMANDED

. Although the petition states the address as 8736 Chef Menteur Highway, we will refer to the property as 8726 Chef Menteur Highway since Mr. Barnett (the owner) testified that to be the address.

. Mr. Gailey reached a settlement with Dr. Lucas and her insurer.

. Although Mr. Gailey argues that Dr. Barnett's previously filed motion for summary judgment was denied in 2008, this Court recognizes that a party may re-urge a previously denied motion for summary judgment. See Paragon Lofts Condominium Owners Ass’n, Inc. v. Paragon Lofts, L.L.C., 09-0943, pp. 4-5 (La.App. 4 Cir. 2/10/10), 32 So.3d 303, 306.