WILLIAMS, J.
b The plaintiff, Kathy Hampton, appeals a judgment in favor of the defendant, Mid-City Plaza South, LLC. The trial court granted the defendant’s motion for involuntary dismissal, finding that plaintiff failed to prove that defendant was liable for her injury. For the following reasons, we affirm.
FACTS
In July 2011, Kathy Hampton was a tenant at an apartment complex owned by Mid-City Plaza South, LLC (“the Plaza”), and located on Line Avenue in Shreveport. Hampton’s adult son, Joshua Bass, was residing with her at the time. On July 28, 2011, at approximately 1:30 a.m., Bass arrived at the apartment while employees of the Plaza were stripping and waxing the floors. When Bass sought to walk down the hallway to his mother’s apartment, a maintenance worker, Troy Tillman, asked him to wait 15-30 minutes so that the floor could dry. Bass did not want to wait and began arguing with Tillman. From inside her apartment, Hampton heard Tillman say that Bass needed to wait for the floor to dry. When Hampton stepped into the hallway she slipped and fell, hitting her left knee on the floor. During the morning on July 29, 2011, Hampton went to the emergency room at Christus Schumpert Medical Center complaining of left knee pain. She did not report her fall to anyone at the Plaza.
*806 Subsequently, the plaintiff, Kathy Hampton, filed a petition for damages against the defendant, Mid-City Plaza South, LLC. At trial, the plaintiff and Bass testified. After plaintiff presented her evidence, the defendant moved for involuntary dismissal. The trial court granted the motion for involuntary dismissal, finding that plaintiff failed to present [^sufficient evidence to prove that the condition of the floor caused her fall. The court rendered judgment dismissing plaintiffs claims. The plaintiff appeals the judgment.
DISCUSSION
The plaintiff contends the trial court erred in granting the motion for involuntary dismissal. Plaintiff argues that she presented evidence to show that defendant’s act of waxing the floor created a dangerous condition that caused her to slip and fall.
In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party may move for a dismissal of the action as to him on the grounds that upon the facts and law, the plaintiff has not shown a right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render a judgment until the close of all the evidence. LSA-C.C.P. art. 1672(B). A motion for involuntary dismissal requires the trial court to evaluate the evidence and render a decision based on a preponderance of the evidence, without any special inference in favor of the party opposing the motion. Wolfe v. Town of Homer, 44,086 (La.App.2d Cir.4/15/09), 11 So.3d 39. The trial court’s decision to grant involuntary dismissal should not be reversed unless clearly wrong. Vig v. City of Shreveport, 28,530 (La.App.2d Cir.8/21/96), 679 So.2d 524. There is no manifest error if a reasonable factual basis exists for the trial court’s finding. Lowe v. Skyjacker Suspensions, 45,058 (La.App.2d Cir.3/3/10), 32 So.3d 340.
A landowner owes a duty to discover any unreasonably dangerous | ^condition and either correct the condition or warn of its existence. Eisenhardt v. Snook, 2008-1287 (La.3/17/09), 8 So.3d 541. The test to determine if a breach of a landowner’s duty has occurred is whether, in the management of his property, he has acted as a reasonable person in view of the probability of injury to others. Collins v. Whitaker, 29,324 (La.App.2d Cir.4/2/97), 691 So.2d 820. A landowner is not liable for an injury which results from a condition that should have been observed by the individual in the exercise of reasonable care. Eisenhardt, supra.
In the present case, Bass testified that he arrived at the apartment building in the early morning hours after work. Bass stated that upon reaching the floor where his mother’s apartment was located, Tillman told him that he needed to wait thirty minutes before walking down the hallway because the floor had just been waxed and was not dry. Bass testified that after an argument, he pushed past Tillman, walked down the hall and knocked on his mother’s door. Bass stated that after his mother opened the door, he entered the apartment and she stepped into the hallway, slipped and fell. Bass testified that the floor looked shiny after being waxed.
The plaintiff, Hampton, testified that prior to the accident, she was inside her apartment and heard a commotion in the hallway. Hampton stated that she heard the voices of her son and Tillman, an employee of the defendant. Hampton testified that when she opened the door, her son told her that Tillman had not wanted him to walk down the hallway because “he said the floor is wet.” Hampton acknowledged previously stating in her deposition *807 that she had heard Tillman say that the floor was wet and needed to dry. Hampton testified that despite her knowledge that the floor was wet, |4she stepped into the hallway, slipped and fell on her left knee.
Although plaintiff presented evidence that the floor had been waxed shortly before the accident, there was no showing that the defendant acted unreasonably in waxing the floor at a time when few tenants would be expected to be walking in the hall. Additionally, the defendant’s employee informed Bass about the wet condition of the floor and tried to prevent him from walking in the hallway until the floor had dried. In her testimony, plaintiff acknowledged that before opening her door she heard the worker say that the floor had been waxed and was not dry.
Thus, the evidence demonstrates that before stepping into the hallway, plaintiff knew or should have known that the floor still could be slippery. Further, the floor appeared shiny, indicating that the surface was slick. Even though the floor may have been slippery, not every minor imperfection or defect in a thing will give rise to delictual responsibility. Eisen-hardt, supra.
The evidence contained in this record supports a finding that plaintiff, who walked into the hallway with knowledge of the wet condition of the floor, failed to act with sufficient care at the time of the accident. Plaintiff did not show any circumstance that would have required her to act in haste to venture into the hallway despite the condition of the floor. Consequently, we cannot say the trial court was clearly wrong in finding that plaintiff failed to satisfy her burden of proving that her fall was caused by defendant’s negligence. Therefore, we find no error in the trial court’s dismissal of plaintiff’s claim. The assignment of error lacks merit.
CONCLUSION
| ¡¿For the foregoing reasons, the trial court’s judgment granting the defendant’s motion for involuntary dismissal is affirmed. Costs of this appeal are assessed to the appellant, Kathy Hampton.
AFFIRMED.