CRICHTON, J.,
additionally concurring.
hi agree with the majority’s decision to deny this writ, but I write separately to highlight the importance of the Recreational Use Statutes, La. R.S. 9:2791 and 9:2795 (“RUS”). The facts in this instance are tragic, and I do not in any manner intend to belittle or overlook them. Notwithstanding the unfortunate circumstances, in my view, it is important to note the facts presented to this court dictate immunity under the RUS, as this case involved a lease for hunting purposes. Furthermore, there is no evidence in the summary judgment record that there was any “deliberate and willful or malicious injury to persons or property.” La. R.S. 9:2791(B). Nor does the statute direct that defendants owe any duty of care or obligation to the decedent to make the premises safe or to warn of any potential hazardous conditions on or about the premises. As this court has stated previously, “[a] landowner is not liable for an injury which results from a condition which should have been observed by the individual in the exercise of reasonable care, |2or which was as obvious to a visitor as it was to the landowner.” Eisenhardt v. Snook, 2008-1287 (La.3/17/09), 8 So.3d 541, 544-5.
The purpose of the RUS is to encourage owners/lessees/occupants or property to allow others to use the property for recreational purposes and to protect those owners/lessees/occupants by providing them statutory immunity. Moreover, if the immunities in the RUS were to be interpreted as plaintiff in this matter asserts they should be, the legislative purpose of those statutes, “to induce private owners of large acreages to open expanses of undeveloped lands for public outdoor, open land recreational purposes,”[1] would be undermined.

. Monteville v. Terrebonne Parish Conso. Gov’t, 567 So.2d 1097 (La.1990)