**REVISED January 15, 2016**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-30674
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 14, 2016

Lyle W. Cayce
Clerk

ROGER D. BUTLER,

      Plaintiff - Appellant

v.

INTERNATIONAL PAPER COMPANY, doing business as Temple-Inland;
ALVEY J. WITMER, III,

      Defendants - Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:14-CV-476

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

      Appellant Roger D. Butler filed a negligence action against Appellees in Louisiana state court. After removing to federal court, Appellees moved for

---

      * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30674

summary judgment.  The district court granted this motion.  Butler appeals the district court's decision, and we AFFIRM.

I.

On February 27, 2013, Roger D. Butler was working at a mill in Dequincy, Louisiana.  Around 9:30 PM, he received a message from his supervisor instructing him to clear a board jam from a chipping machine. While clearing this board jam, he allegedly slipped and fell down a set of stairs. Butler alleges that the fall was caused by the presence of wood chips and other debris produced by the chipping machine on the stairs.  Butler suffered serious injuries as a result of the fall.  He and his wife subsequently filed a negligence action against Appellees in state court.  After removing to federal court, Appellees filed a motion for summary judgment.  They argued that they owed no duty to Butler because the presence of wood chips on the stairs was an "open and obvious" hazard.  The district court agreed and granted summary judgment in favor of Appellees.  The court concluded that Butler had not created a genuine dispute of fact as to the duty element of his claim because "[t]he presence of debris on the stairs was open and obvious to all who would have encountered it."  Butler timely appealed to this Court.

II.

"We review summary judgment de novo, using the same standards as the district court.  Summary judgment is proper when 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'  We view the evidence and all justifiable inferences in the light most favorable of the nonmoving party."[1]

---

[1] *Wiltz v. Bayer CropScience, Ltd. P'ship*, 645 F.3d 690, 694-95 (5th Cir. 2011) (citations omitted) (quoting Fed. R. Civ. P. 56(a)).

2

No. 15-30674

## III.

The parties agree that Louisiana law governs this diversity action.[2] Under Louisiana law, "[t]he owner of a building is not responsible for all injuries resulting from any risk posed by the building. Rather, the owner is only responsible for those injuries caused by a ruinous condition or defective component part that presents an unreasonable risk of harm to others."[3] The Louisiana Supreme Court has "recognized that defendants generally have no duty to protect against an open and obvious hazard. If the facts of a particular case show that the complained-of condition should be obvious to all, the condition may not be unreasonably dangerous, and the defendant may owe no duty to the plaintiff."[4] Butler alleges that the district court committed two errors in applying this doctrine: (1) the court improperly concluded that the wood chips were open and obvious *to all* on the basis of Butler's knowledge alone; and (2) the court failed to apply the risk-utility balancing test. We address each contention in turn.

## A.

In order for a defect to be "open and obvious," it "should be apparent to all who encounter the dangerous condition," not just the plaintiff.[5] The Louisiana Supreme Court has cautioned that this principle is "not a hollow maxim." To the contrary, "it serves an invaluable function, preventing concepts such as assumption of the risk from infiltrating our jurisprudence."[6]

---

[2] *See id.* at 695.

[3] *Broussard v. State ex rel. Office of State Bldgs.*, 113 So. 3d 175, 183 (La. 2013) (citation omitted).

[4] *Eisenhardt v. Snook*, 8 So. 3d 541, 544 (La. 2009) (per curiam).

[5] *Broussard*, 113 So. 3d at 188; *see also Bufkin v. Felipe's La., LLC*, 171 So. 3d 851, 856 (La. 2014) ("In order for an alleged hazard to be considered obvious and apparent, this court has consistently stated the hazard should be one that is open and obvious to everyone who may potentially encounter it.").

[6] *Broussard*, 113 So. 3d at 188.

Butler argues that the district court contravened this rule by granting summary judgment "despite there being *no evidence whatsoever* that the wood chips on the stairs were a condition that was open and obvious" to anyone save himself.   He points to *Pitre v. Louisiana Tech University*—where several witnesses testified that they were aware of the alleged defect[7]—as establishing the type of evidence that is needed to demonstrate that a defect is "open and obvious" *to all*.

We disagree with this interpretation of *Pitre*.  Though the evidence in *Pitre* that others were aware of the alleged defect was *sufficient* to establish that it was "open and obvious," this evidence was not *necessary* to establish that the alleged defect was "open and obvious."   As Appellees note, the Louisiana Supreme Court has relied upon the plaintiff's testimony or photographs of the scene to establish that a condition is "open and obvious" in several different cases.[8]  In this case, Butler testified that he was aware of the wood chips and other debris on the stairs.  Though this evidence of knowledge is not dispositive, it leads to the inference that the wood chips would have been "open and obvious" to others using the stairs.  Appellees also offered a video of the incident that provides a clear view of the debris on the stairs.  Butler contends that this video does not resolve whether the wood chips are "open and obvious"—and that we should allow a jury to decide this question. Nevertheless, we have reviewed the video and agree with Appellees that it establishes that the wood chips were so numerous and prominent that no reasonable juror could conclude that they were not "open and obvious."  With

---

[7] *See* 673 So. 2d 585, 592 (La. 1996).

[8] *See Allen v. Lockwood*, 156 So. 3d 650, 653 (La. 2015) (per curiam); *Bufkin*, 171 So. 3d at 856; *Dauzat v. Curnest Guillot Logging Inc.*, 995 So. 2d 1184, 1187 (La. 2008) (per curiam).

due regard for the role of the jury, we thus conclude that Appellees did not need to offer any additional evidence.

## B.

Butler's second argument relies on the Louisiana Supreme Court's recent decision in *Broussard v. State ex rel. Office of State Buildings*.[9] In *Broussard*, the Louisiana Supreme Court observed that "whether a defect presents an unreasonable risk of harm is a matter wed to the facts and must be determined in light of facts and circumstances of each particular case."[10] As a result, the court explained it has adopted a four-factor "risk-utility balancing test" in order "[t]o aid the trier-of-fact in making this unscientific, factual determination."[11] The fact-finder should consider whether the alleged defect is "open and obvious" as part of this test, but only as it relates to one of these four factors.[12] Butler urges that the district court ignored this legal framework and granted summary judgment solely on the basis that the alleged defect is "open and obvious." He argues that we should, at the very least, remand and order the application of the risk-utility balancing test.

The Louisiana Supreme Court, however, recently clarified that the application of the risk-utility balancing test is not necessary at the summary judgment stage. In *Allen v. Lockwood*, the Louisiana Supreme Court granted review in order "to provide much needed guidance to both the practitioners and the Judiciary of this State on the proper interpretation and application of our holding in *Broussard*."[13] Reviewing the proceedings below, the court explained that the lower court had failed to appreciate that "*Broussard* was a three-day jury trial involving a fact-intensive determination as to whether the defect

---

[9] 113 So. 3d 175.

[10] *Id.* at 183 (internal quotation marks omitted).

[11] *Id.* at 184.

[12] *See id.* at 186-93.

[13] 156 So. 3d at 651.

posed an unreasonable risk of harm or constituted an open and obvious defect." The court clarified that—given this context—its "comments under [the] discussion" of the risk-utility balancing test in *Broussard* "clearly pertained to cases that were tried either by judge or jury."[14] Turning back to the case under review, the court then concluded that summary judgment should be granted for the defendants because the "complained-of condition . . . was obvious and apparent to anyone who may potentially encounter it."[15] The district court did not err by following this guidance.[16]

But even assuming the district court should have applied the risk-utility balancing test, there was no reversible error.[17] The risk-utility balancing test requires "consideration of four pertinent factors: (1) the utility of the complained-of condition; (2) the likelihood and magnitude of harm, including the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and (4) the nature of the plaintiff's activities in terms of its social utility or whether it is dangerous by nature."[18] Butler argues that the utility of the complained-of condition, the cost of preventing the harm, and the nature of the plaintiff's activities all weigh in his favor. Nevertheless, even if this is true, the second factor is dispositive in this case. "[W]hen the risk is open and obvious to everyone, the probability of injury is low and the thing's utility may outweigh the risks caused by its defective condition."[19] The video submitted

---

[14] *Id.* at 652.

[15] *See id.* at 653.

[16] *See Rodriquez v. Dolgencorp, LLC*, 152 So. 3d 871, 872 (La. 2014) (per curiam) (concluding that summary judgment was appropriate solely because the "risk of harm" was "open and obvious").

[17] *See Gilbert v. Donahoe*, 751 F.3d 303, 311 (5th Cir. 2014) ("Under our precedent, we may affirm on any ground supported by the record, including one not reached by the district court." (internal quotation marks omitted)).

[18] *Broussard v. State ex rel. Office of State Bldgs.*, 113 So. 3d 175, 184 (La. 2013).

[19] *Id.*; *see also Caserta v. Wal-Mart Stores, Inc.*, 90 So. 3d 1042, 1043 (La. 2012) (per curiam) ("Based on these undisputed facts, we believe any risk from attempting to remove

by Appellees establishes that the wood chips were "open and obvious" and posed a very low risk of injury.[20]   Accordingly, the utility of the chipping machine and stairs outweighed any minimal risk posed by the wood chips.[21] The minimal risk of harm also limits the relevance of the other two factors. Appellees may have been able to prevent the harm at a low cost, but a property owner does not necessarily need to expend any money to prevent a negligible risk of injury that can easily be avoided.[22]   In the same vein, Butler's activity may have great social value, but a minimal risk of harm does not appreciably interfere with this activity.   Butler may complain that this analysis is little different from the district court's approach, but the Louisiana Supreme Court has instructed that one factor may often be determinative under the risk-utility balancing test.[23]   Indeed, the Louisiana Supreme Court has concluded in several cases that the balancing "revolve[d] around the second factor, namely, the substantial likelihood and magnitude of harm from the [defect],

---

the frozen lug nut should have been obvious to plaintiff, and could have been avoided through the use of ordinary care.").

[20] *See Eisenhardt v. Snook*, 8 So. 3d 541, 545 (La. 2009) (per curiam) (concluding that summary judgment was appropriate in case where plaintiff slipped and fell down stairs because the slippery "condition of the steps should have been open and obvious").

[21] Butler suggests that we should consider the utility of allowing "wood chips to spray onto [the] stairs," not the utility of the chipping machine or stairs themselves.  The Louisiana Supreme Court, however, has instructed that we should "focus[] on the social utility of the thing as a whole, notwithstanding the presence of the defect." *Pryor v. Iberia Par. Sch. Bd.*, 60 So. 3d 594, 597 (La. 2011) (per curiam).

[22] *See Pitre v. La. Tech Univ.*, 673 So. 2d 585, 593 (La. 1996).

[23] *See Broussard*, 113 So. 3d at 191-92.

No. 15-30674

with consideration to whether the [defect] was apparent or obvious."[24]   We conclude that this is true here as well.

## IV.

Based on the reasons stated above, we AFFIRM.

---

[24] *Dauzat v. Curnest Guillot Logging Inc.*, 995 So. 2d 1184, 1187 (La. 2008) (per curiam); *see also Bufkin v. Felipe's La., LLC*, 171 So. 3d 851, 856-59 (La. 2014) (resting decision to grant summary judgment on second factor); *Pryor*, 60 So. 3d at 598 (same).