# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-30625
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 22, 2018

Lyle W. Cayce
Clerk

JONATHAN PETERS,

Plaintiff – Appellant

v.

JAZZ CASINO COMPANY, L.L.C.; JCC FULTON DEVELOPMENT, L.L.C.,

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:16-CV-3064

Before BENAVIDES, SOUTHWICK, and COSTA, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Jonathan Peters ("Peters") appeals from a summary judgment granted in favor of the defendants in a slip-and-fall case brought pursuant to diversity jurisdiction. Because the evidence does not raise a genuine issue of material fact on an essential element of his negligence claim, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30625

I.    BACKGROUND

At the time of the incident, Peters was attending a business convention and staying at Harrah's New Orleans Hotel.  Defendants-Appellees, Jazz Casino Company, L.L.C. and JCC Fulton Development, L.L.C. ("Jazz Casino"), own and operate the hotel.  After midnight on March 13, 2015, Peters left his hotel room to go out to eat.  It was "drizzling a little bit" when he walked outside the hotel.  Peters testified that he was walking on a red brick sidewalk on the hotel property, and his feet began to slide.  Peters further testified that he "became very frightened that [he] would fall, so [he] tried to navigate toward a surface that was less slippery, and [he] saw a hose on the ground and mistakenly thought it would be less slippery of a surface."  Peters stepped on the hose and slipped and fell, breaking his wrist.  After the fall, Peters immediately sought medical treatment for his injury at Tulane Medical Center.  Peters underwent surgery on his wrist and alleges permanent loss of range of motion in his wrist.

On March 11, 2016, Peters filed suit against Jazz Casino in Louisiana state court, alleging a claim of negligence.   Based on diversity of citizenship, Jazz Casino removed the suit to federal district court in New Orleans.  On May 30, Jazz Casino filed a motion for summary judgment.  In response, Peters filed a memorandum in opposition to the motion for summary judgment.  On June 28, the district court granted the motion for summary judgment.  Peters timely filed a notice of appeal.

II.    ANALYSIS

Peters contends that the district court erred in holding that he failed to raise a genuine issue of material fact with respect to whether the hose presented an unreasonable risk of harm.  This Court reviews a district court's ruling on a motion for summary judgment de novo, "viewing all evidence in the

light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205–06 (5th Cir. 2007). The moving party is entitled to summary judgment if it "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The Louisiana Merchant Liability Statute provides that a merchant has a duty to persons who use his premises to exercise reasonable care to keep the grounds in a reasonably safe condition.  LSA–R.S. 9:2800.6A.[1]  For a plaintiff to prevail under this statute, he must show that:  (1) the condition that created an unreasonable risk of harm that was reasonably foreseeable; (2) the merchant created or had constructive notice of the condition; and (3) the merchant failed to exercise reasonable care.  *Id.* at 9:2800.6B.

Here, the district court ruled that Peters could not establish the first element of the negligence claim because the hose was an open and obvious hazard.  Under Louisiana law, "defendants have no duty to protect against an open and obvious hazard.  If the facts of a particular case show that the complained-of condition should be obvious to all, the condition may not be unreasonably dangerous, and the defendant may owe no duty to the plaintiff." *Eisenhardt v. Snook,* 8 So.3d 541, 544 (La. 2009).  In other words, a "landowner is not liable for an injury which results from a condition which should have been observed by the individual in the exercise of reasonable care, or which was as obvious to a visitor as it was to the landowner."  *Id.* at 544–55.

Peter asserts that his awareness of the hose was insufficient to show that the defect was open and obvious to all.  Even though the ultimate inquiry is whether the defect was open and obvious to all, this Court has rejected the contention that Louisiana law requires evidence of others' awareness of the

---

[1] The Merchant Statute applies to hotel owners and operators.  La. R.S. 9:2800.6C(2).

defect to make this showing. *Butler v. Int'l Paper Co.,* 636 F. App'x 216, 218–19 (5th Cir. 2016). Here, based on Peters's testimony regarding his observation of the hose and his sketched drawing of the hose and the surrounding area, we are persuaded that there was no fact issue with respect to whether the hose was open and obvious.

Noting that the accident occurred at night, Peters suggests that the hose was not visible to all. However, as the district court stated, Peter offered no evidence to show that the lighting was insufficient. Moreover, photos in the record show that there were gas lamps, street lights, and lights under the awning at the scene of the accident.

Peters also asserts that the hose was obstructing the walkway, which constituted an unreasonable defect. However, his testimony at the deposition does not support the assertion that the hose obstructed the walkway. In fact, when asked if he had any recollection of the red hose obstructing someone walking on the sidewalk, he responded: "I don't recall that." Thus, there is insufficient evidence to create a fact issue as to whether the hose obstructed the walkway.

Finally, Peters contends that the combination of the slippery walkway and the hose's obstruction of the walkway created a dangerous and defective condition that caused him to fall. To support his argument that the combination of these conditions created an unreasonable risk of harm, Peters relies on the opinion in *Jones v. Stewart,* 203 So.3d 384 (La. App. 4 2016). In that case, the unreasonable risk of harm was an unlit, unfinished, wet attic in a residence. *Id.* at 395–96. The Louisiana court explained that although the darkness in the attic was obvious, the wetness of the joists in the attic was concealed by the darkness. *Id.* at 400. Thus, it held that the trial court erred in holding the condition open and obvious. *Id.*

In contrast, here, as previously set forth, the evidence does not show that the hose obstructed the walkway.  Thus, there is no combination of conditions under these circumstances.  With respect to the slippery sidewalk, Peters testified that it had been raining "on and off" during his stay that week, and it was drizzling when he exited the hotel.  As such, the record evidence demonstrates that the condition of the sidewalk was open and obvious.  *Cf. Eisenhardt,* 8 So.3d at 545 (explaining that "[w]hile the steps may have been slippery due to water, not every minor imperfection or defect in a thing will give rise to delictual responsibility").

III.   CONCLUSION

For the above reasons, the district court's judgment is AFFIRMED.